UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERNEST R. SNOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:13-cv-00534-LJM-DML |
| | ) No. 1:09-cr-00087-LJM-KPF-1 |
| USA, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

Petitioner Ernest R. Snow ("Petitioner Snow" or "Snow") pled guilty to a felon in possession charge on January 10, 2010, and was sentenced as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Petitioner Snow asks this court to vacate, set aside, or correct his sentence alleging that his trial and appellate counsel rendered ineffective assistance of counsel. Specifically, Petitioner Snow asserts that both counsel failed to argue at sentencing and on appeal that one of the underlying felonies that was used to support the Court's determination that he was an armed career offender was not a violent crime in violation of 18 U.S.C. 922(g)(1). He alleges that such a failure violates the *Strickland* standards.

## I. DISCUSSION

The standard for ineffective assistance of counsel first requires that Snow show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Next, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *See id.* at 668, 688–89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *See id.* at 689.

Further, *Strickland* requires that counsel=s performance be evaluated as a whole rather than focus on a single failing or oversight. *See Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). "It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009). *See also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

Among the three prior convictions that were used to support the conclusion that the Snow was an armed career criminal was a conviction from the Hamilton County Ohio Court of Common Pleas for Breaking and Entering, a felony of the fifth degree. In Ohio, a fifth degree felony is punishable by a term of imprisonment of six to twelve months. Ohio Rev. Code Ann. § 2929.14(A)(5).

The ACCA defines a violent felony as follows:

> **(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another….

18 U.S.C. § 924(e)(2)(B).

The conviction for an Ohio fifth degree felony, because it is not punishable for a term exceeding one year, does not meet the definition of a violent felony and thus is unavailable to be used to support a finding that Snow was an armed career criminal. The failure to bring this to the sentencing court or the appellate court's attention qualifies under *Strickland* as ineffective assistance of counsel.

## II. **CONCLUSION**

Petitioner Ernest R. Snow's Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 is **GRANTED**. Judgment shall be entered accordingly. Petitioner Ernest R. Snow's Motion for Immediate Ruling is **GRANTED** to the extent it seeks an expedited ruling, but is **DENIED** with respect to any other relief it may have sought. The Court Orders that the Petitioner Ernest R. Snow be re-sentenced within the next 60 days. A date for such re-sentencing shall be set by separate order.

IT IS SO ORDERED this 16th day of September, 2014.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
gerald.coraz@usdoj.gov