UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cr-00087-TWP-MJD |
| | ) | |
| ERNEST R. SNOW, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTION
AND ADOPTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on the United States Probation Office's ("USPO") Petitions for Warrant or Summons for Offender Under Supervision (Dkts. 109, 127, 144, 153); the Magistrate Judge's Report and Recommendation (Dkt. 156); and Defendant Ernest Snow's ("Mr. Snow") Objection to the Recommendation of the Magistrate Judge (Dkt. 157). For the reasons explained below, the Court **overrules** the objection, **adopts** the Magistrate Judge's Report and Recommendation and **revokes** Mr. Snow's supervised release.

## I.      DISCUSSION

In 2010, Mr. Snow was convicted of Felon in Possession of a firearm and originally sentenced to 180 months imprisonment, followed by 60 months of supervised release. On September 16, 2014, the Court found that Mr. Snow's 2008 conviction for Breaking and Entering does not meet the definition of "violent felony" under the Armed Career Criminal Act, granted his Motion to Set Aside, Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255, and re-sentenced him to 80 months imprisonment, followed by 36 months of supervised release. Mr. Snow began supervision on December 12, 2014 and was allowed to participate in the Court's REACH program.

Unfortunately, after a successful first year in the REACH program, Mr. Snow was arrested for new offenses on three occasions. On May 30, 2017 (Dkt. 127), June 13, 2018 (Dkt. 144) and June 9, 2026 (Dkt. 153) officers from the USPO petitioned the Court for action on Conditions of Supervised Release based upon allegations that Mr. Snow had violated conditions of his supervised release. Concerning each alleged violation, pursuant to 18 U.S.C. § 3401(i), the Court designated the criminal duty magistrate judge, to appoint counsel for the defendant as necessary, to conduct the hearing on the Supplemental Petition for Warrant or Summons for Offender Under Supervision, and to submit to this judge proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e).

Only one of his arrests resulted in a conviction. Mr. Snow was convicted in state court of Burglary, Theft, Conversion, and Auto Theft and received a gang and habitual offender enhancement and was sentenced to fourteen years imprisonment. On June 2, 2026 Mr. Snow was released from the Indiana Department of Corrections to serve a two -year parole term; however, he was immediately transferred into federal custody to address his pending supervised release violations.

On June 9 and June 10, 2026 the parties appeared for a hearing before the Magistrate Judge on the Petitions for Warrant or Summons for Offender under Supervised Release. (Dkts. 109 , 127 , 144 , 153). The Magistrate Judge conducted the procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583. After being placed under oath, Mr. Snow admitted to violation number 5. The Government orally moved to dismiss violations numbered 1, 2, and 3 and to withdraw violation numbered 4, which motion was granted. Violation number 5 concerned the condition that "The defendant shall not commit another federal, state, or local crime," and the nature of noncompliance was the following:

> As previously reported to the Court, in May 2017, Mr. Snow was arrested and charged in Hendricks County, Indiana under criminal cause 32C01-1705-F5-000080. Mr. Snow was originally sentenced on April 2, 2019, and the sentence was later amended on January 22, 2020. Mr. Snow was convicted of Burglary, Theft and Conversion, all level five felonies and Auto Theft, a level six felony. He also received gang and habitual offender enhancements and was sentenced to a total of fourteen years imprisonment.

(Filing No. 156 at 2).

At the hearing, the parties stipulated that: (a) The highest grade of violation is a Grade B violation, (b) Defendant's criminal history category is VI, (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment. *Id*. The Government argued for a sentence of 24 months imprisonment with no supervision to follow. Defendant's counsel argued for one year and one day of imprisonment with no supervision to follow. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a) and § 3583(e), and as more fully set forth on the record, found that Mr. Snow violated the condition in the petition and that his supervised release should be revoked. The Magistrate Judge filed his Report and Recommendation on June 10, 2026 and recommended that Mr. Snow be sentenced to 18 months imprisonment with no supervision to follow. (Dkt. 156).

On June 22, 2026 Mr. Snow filed a timely objection requesting review of the Report and Recommendation. (Dkt. 157). Mr. Snow objects only to the recommended sentence of 18 months, and argues that it is unreasonable under 18 U.S.C. § 3583(e) and 18 U.S.C. §3553(a). *Id.* The undersigned listened to the audio record of the June 2026 hearings, reviewed the exhibits and attachments on the record, and scheduled a hearing on the objection so that Mr. Snow would have an opportunity to allocute, and his counsel an opportunity to argue why the 18-month recommendation was unreasonable.

A hearing on Mr. Snow's Objection was held on July 22, 2026. Mr. Snow appeared in person and by FCD counsel Omar Ghani. The Government was represented by AUSA MaryAnn Mindrum. USPO was represented by Justin Ottino. In support of his request for a lesser sentence, Mr. Snow's counsel proffered that upon release from custody, Mr. Snow would have employment and a stable residence. Counsel proffered that Mr. Snow's daughter was suffering from cancer, and because of chemotherapy, is no longer physically able to work. Counsel proffered that the daughter has two children (Mr. Snow's grandchildren) that he has not met, and Mr. Snow wants to get back to work so that he can help provide support for his 30-year-old daughter, her husband and his grandchildren. Counsel argued that Mr. Snow is now seeing himself in a very difficult position— "not something that's necessarily personal to him individually, but personal to him with regard to his daughter and his family." Counsel reiterated that "the real concerns are not that the sentence itself is overly harsh, but due to the other factors he's experiencing, we're asking the court to impose a lesser length of imprisonment."

The Government argued because of the seriousness of the offense of violation—which involved the burglary and theft of over $4 million dollars in merchandise— the 18-month sentence was reasonable. The Government recounted Mr. Snow's criminal history — which includes violent offenses—and argued that his continued commission of "significant felony offenses" while under federal supervision is the basis for its belief that Mr. Snow remains a danger to the community.

Mr. Snow offered an allocution and discussed his daughter's cancer and that because of incarcerations, he had not yet met his grandchildren. He apologized for his actions, recognized his prior bad choices, explained that he was now 61 years old, and has asked for a lesser sentence so that he can get out, work, get back to his family and help support his daughter. Because Mr. Snow's presentence investigation report shows that he has no children, the Government requested

clarification concerning Mr. Snow having a daughter. Upon questioning, Mr. Snow admitted that he has no biological daughter. He clarified that he was once with her mother, and he is the only father that she knows.

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)— revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e). When a defendant violates the conditions of his supervised release, it makes sense that a court must consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution." *Esteras v. United States*, 606 U.S. 185, 206, (2025).

Despite being given an amended sentence and a placement in the REACH program, Mr. Snow continued to engage in serious criminal activities. The USPO has exhausted all options for handling Mr. Snow's behavior. After *de novo* review of the filings, proffers, evidence, arguments presented by the parties, Mr. Snow's allocution, and of the appropriate factors provided in 18 U.S.C. § 3583(e) and 18 U.S.C. §3553(a), the Court finds that the below guideline sentence 18 months imprisonment, and no supervised release to follow is not unreasonable.

## IV.  **CONCLUSION**

The Court has considered the seriousness of the noncompliance, the nature and circumstances of the offenses of violation, the history and characteristics of Mr. Snow, the need to

afford adequate deterrence and to protect the public from further crimes. For the reasons stated above, Defendant Ernest Snow's Objection to the Recommendation of the Magistrate Judge, Dkt. [157], is **OVERRULED.**    The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, Dkt. [156], and **GRANTS** revocation of Mr. Snow's supervised release. (Dkt. 153). The **Clerk is directed** to terminate Dkts. [109], [127], and [144].

An Amended Judgment will be filed separately.

**IT IS SO ORDERED.**

Date:    7/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Omar Ghani
INDIANA FEDERAL COMMUNITY DEFENDERS
Omar_Ghani@fd.org

MaryAnn Totino Mindrum
DOJ-USAO
maryann.mindrum@usdoj.gov

Electronic Notice to USPO

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org